IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re HEALTHSOUTH CORPORATION
SECURITIES LITIGATION

Master File No. CV-98-J-2634-S

**MEMORANDUM OPINION**

This cause comes before this court on plaintiffs' objection to the report and recommendation of Magistrate Judge Ott (doc. 70). There are two basic issues in plaintiffs' objection: (1) whether the heightened pleading standard for fraud was met in plaintiffs' amended complaint; and (2) whether two declarations, Tiefer and Ping, were properly struck.

**Pleading Requirement for Fraud**

In order to properly plead fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires "the circumstances constituting fraud . . . be stated with particularity." The purpose for this heightened pleading standard is to alert "defendants to the 'precise misconduct with which they are charged'" and protect "defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997). To properly allege a securities fraud claim plaintiffs must "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1282 (11th Cir. 1999) *quoting* Reform Act §78u-4(b)(2).

In this action plaintiffs allege that the defendants, in February of 1997, lobbied against enactment of the Balanced Budget Act (BBA) by claiming it would devastate their business. (Consolidated Amended Class Action Complaint ¶¶8-12; doc. 31). Plaintiffs also listed several statements allegedly made by the defendants to the investment world where the defendants claimed that the BBA would have no adverse effect on HealthSouth. (Consolidated Amended Class Action Complaint ¶¶34-35, 38-41, 43-45, 50, 56, 62-63, 77; doc. 31). Plaintiffs have also alleged what specific provisions of the BBA would adversely effect HealthSouth and why. (Consolidated Amended Class Action Complaint ¶¶14-15; doc. 31).

Plaintiffs claim that the defendants sold $163 million worth of stock within weeks of the BBA's enactment. (Consolidated Amended Class Action Complaint ¶¶11-12, 93-99; doc. 31). Plaintiffs allege that the sale of this stock was before defendants announced the negative impact the BBA would have on HealthSouth, and while the defendants were actually claiming the BBA would have no impact on HealthSouth's earning. (Consolidated Amended Class Action Complaint ¶¶34-35; doc. 31). According to plaintiffs, the defendants sold 82 percent of their stock, at inflated prices, during the class period. (Consolidated Amended Class Action Complaint ¶¶93-95; doc. 31).

When ruling on a motion to dismiss a court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche,* 144 F.3d 732 (11th Cir. 1998). When viewing the facts as plead, the court finds that the complaint alleges sufficient particularity to place the defendants on proper notice and to identify the requisite scienter for securities fraud. Pursuant to Rule 72 of the

Federal Rules of Civil Procedure the court therefore rejects the recommendation of the Magistrate Judge.

As to the stricken declarations of Tiefer and Ping, a court may not go outside the pleadings when ruling on a motion to dismiss. *Bryant*, F.3d at 1279. Affidavits are "clearly the sort of evidentiary material that is not appropriate at the 12(b)(6) stage." *Id.,* at 1280. However a court may take judicial notice of documents at the motion to dismiss stage. *See* Fed.R.Evid. 201(b); *Bryant,* F.3d at 1280. The plaintiffs have asked that the court take judicial notice of portions of the BBA's legislative history as well as selected congressional testimony. These documents are directly relevant to the allegations of the complaint, the testimony was offered by HealthSouth executives, as such there is little concern that the defendants will be "caught by surprise". *See Bryant,* at 1297. Therefore the court does take judicial notice of these documents: A1-3 and B1-12.

Based on the foregoing the Magistrate Judge's Report and Recommendation is rejected. Defendants' motion to dismiss (doc. 38) is **DENIED**. Defendants' motion to strike (doc. 55) is **GRANTED** with the exception of the judicial notice as discussed above.

**DONE** and **ORDERED** this 20 day of December 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE