FILED
01 MAR 12 PM 3:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 1 2 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re HEALTHSOUTH CORPORATION
SECURITIES LITIGATION

Master File No. CV-98-J-2634-S

## MEMORANDUM OPINION

This cause comes before this court on defendants' motion for amendment to the December 20, 2000 order to include certification for interlocutory appeal pursuant to 28 U.S.C. §1292(b) or, in the alternative, for partial reconsideration (doc. 79). At issue is whether plaintiffs have properly alleged securities fraud scienter pursuant to the Private Securities Litigation Reform Act (Reform Act), 15 U.S.C. §78u-4(b)(3)(A). This court previously found that plaintiffs had met this burden (doc. 74).

Defendants ask this court to certify this action for interlocutory appeal because the Eleventh Circuit offered "little guidance" on "what standard a plaintiff must meet in order to plead scienter under the Reform Act." Defendants' memorandum in support of motion for reconsideration (Defendants' memorandum), p. 3-4. Defendants contend that the Eleventh Circuit missed an "opportunity" to offer this guidance when it issued *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999).

1

The court disagrees with the defendants[1]. *Bryant*, offers ample guidance for pleading scienter under the Reform Act. In *Bryant,* the Eleventh Circuit explained that the Reform Act did not "substantively change the actionable level of scienter."[2] 187 F.3d at 1284. Contrary to defendants' position that there is "little guidance" as to pleading scienter, the *Bryant* court noted the Reform Act "clearly clarifies the pleading requirements for alleging scienter". *Id.* To properly allege a securities fraud claim a plaintiff must "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id.,* at 1283 *quoting* Reform Act §78u-4(b)(2). This can be achieved by "pleading facts that denote severe recklessness, the standard previously approved [pre-Reform Act] by this Circuit." *Id.,* at 1283.

Defendants argue that the Reform Act is so revolutionary that all "inferences" should be given to defendants at the motion to dismiss stage. This is clearly incorrect. In *Bryant* the statement of facts begins "[a]ccepting all well-pleaded facts in the complaint as true, we assume the following facts." *Id.,* at 1273. The *Bryant* court emphasized this well established judicial concept in footnote 1: "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed

---

[1]*Bryant* addressed "two discrete legal issues . . . The first involves the proper scope of materials that a district court may consider in ruling on a motion to dismiss in a securities fraud case. The second involves what standard Plaintiffs must meet in this Circuit in order to plead scienter adequately under 15 U.S.C. §78u-4(b)(2). 187 F.3d at 1275.

[2]The *Bryant* court emphasized this point by explicitly rejecting the Ninth Circuit's position that the Reform Act "rais[ed] the substantive state of mind requirement". *Bryant,* 187 F.3d at 1284, fn 21.

in the light most favorable to the plaintiff." *Bryant,* 187 F.3d at 1273 fn. 1 *citing Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). Dismissal of a complaint is not proper "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hawthorne,* 140 F.3d at 1370.

In accordance with *Bryant,* this court must accept and "assume the following facts." *Id.,* at 1273. The defendants, in February of 1997, lobbied against enactment of the Balanced Budget Act (BBA) by claiming it would devastate their business. (Consolidated Amended Class Action Complaint ¶¶8-12; doc. 31). Plaintiffs have listed several statements allegedly made by the defendants to the investment world where the defendants claimed that the BBA would have no adverse effect on HealthSouth. (Consolidated Amended Class Action Complaint ¶¶34-35, 38-41, 43-45, 50, 56, 62-63, 77; doc. 31). Plaintiffs have also alleged what specific provisions of the BBA would adversely effect HealthSouth and why. (Consolidated Amended Class Action Complaint ¶¶14-15; doc. 31).

Plaintiffs claim the defendants sold $163 million worth of stock within weeks of the BBA's enactment. (Consolidated Amended Class Action Complaint ¶¶11-12, 93-99; doc. 31). Plaintiffs allege that the sale of this stock was before defendants announced the negative impact the BBA would have on HealthSouth, and while the defendants were actually claiming the BBA would have no impact on HealthSouth's earnings. (Consolidated Amended Class Action Complaint ¶¶34-35; doc. 31). According to

plaintiffs, the defendants sold 82 percent of their stock, at inflated prices, during the class period. (Consolidated Amended Class Action Complaint ¶¶93-95; doc. 31).

Defendants continue to argue against these factual allegations. Defendants argue that they did not sell 82 percent of their stock but only 15-20 percent. Defendants also argue that the BBA would not and did not adversely affect HealthSouth's earnings because the BBA only impacted Medicare which *only* accounted for 37 percent of HealthSouth's total revenue.[3] Apparently defendants do not dispute that they sold $163 million worth of HealthSouth stock within weeks of the enactment of the BBA.

The question of whether the plaintiffs can actually prove these allegations is to be answered at a later date. *Bryant,* 187 F.3d at 1273 fn. 1. It is important to note that the Reform Act's pleading requirements do not require proof of fraud but rather "alleged" misrepresentations and the reasons why said statements or omissions were misleading. 15 U.S.C. §78u-4(b)(1). At first glance there appears potential conflict between the Reform Act's purpose and pleading requirements and the court accepting well-pleaded facts as true. However the Reform Act did not create, nor does it require, summary judgment treatment for motions to dismiss. The purpose of the Reform Act is met by narrowing the scope of securities fraud allegations to specific particular occurrences and or

---

[3]These are mere examples of the factual disputes the defendants offer to show how plaintiffs have failed to plead scienter. Defendants also argue that because some of the defendants actually purchased HealthSouth stock during the class period, plaintiffs have failed to plead scienter. Another argument defendants make is that because the $163 million stock sale following the BBA enactment was $4 off the stock's peak price, plaintiffs have failed to plead scienter.

statements.

Plaintiffs in this action have not plead that the defendants merely had the "motive and opportunity" to commit fraud, rather they allege the defendants have committed fraud. This fraud was perpetuated through statements and omissions regarding the BBA and its financial impact on HealthSouth. The issue before this court is whether the plaintiffs have "'state[d] with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id.,* at 1283 *quoting* Reform Act §78u-4(b)(2). The court finds that they have. This court is satisfied that plaintiffs have met the requirements of 15 U.S.C. §78u-4(b)(1) and (2) with their amended complaint. Based on the foregoing, defendants' motion (doc. 79) is **DENIED**.

**DONE** and **ORDERED** this 12 day of March 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE